**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JOSEPH VERRIER,

    Plaintiff,

    v.                                    Case No. 12-CV-1240

MATT JONES,
JONATHON DICKEY, and
WILLIAM MARTIN,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND STAYING PLAINTIFF'S MOTION TO COMPEL**

This matter is now before the court on the plaintiff's motion to appoint counsel, the plaintiff's motion to amend, and the plaintiff's motion to compel.

In an Order entered September 20, 2013, the court denied without prejudice the plaintiff's motion to appoint counsel and advised him that if he wanted to bring another motion he would have to provide the court with documentation of his attempts to secure counsel on his own. The plaintiff's new motion to appoint counsel contains that information. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Accordingly, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

The plaintiff once again argues that he does not have legal training, that it took him nearly five months to prepare his complaint, and that he has no knowledge regarding how to litigate this

case or contact witnesses or interview prison staff. The plaintiff is proceeding on a retaliation claim against the defendants in their individual capacities and an equal protection claim against the defendants in their official capacities that women are treated differently than men with regard to sex offender treatment and contact with their children. The retaliation claim relates to the plaintiff's personal experience, and he would be able to present evidence regarding why he believes the defendants retaliated against him. However, the equal protection claim is broader and more complex. The plaintiff likely would have trouble accessing information regarding the policy as it is applied to women and problems communicating with potential witnesses at comparative institutions.

While the plaintiff is articulate and has been able to communicate with the court to date, the court concludes that the equal protection claim is beyond the plaintiff's ability to litigate himself. The court will grant the plaintiff's motion to appoint counsel and recruit pro bono counsel to represent the plaintiff. Once the court has secured pro bono counsel, the plaintiff will receive an agreement to review, sign, and return to the court. Then the court will hold a scheduling conference with counsel for the parties.

The plaintiff also filed a two-page document entitled "Motion to Amend Complaint and Respond to Defenses Affirmative Claims." This motion will be denied.

First, the plaintiff asks to add the Secretary of the Department of Corrections as a defendant in this case. This is unnecessary because the plaintiff is already proceeding on his equal protection claim against the named defendants in their official capacities. This is sufficient to challenge the policy of applying stricter sex offender treatment program rules to men than to women. Additionally, the plaintiff failed to file a proposed amended complaint, which is required by Civil Local Rule 15(a).

Second, the plaintiff makes substantive arguments regarding the defenses included by the defendants in their answer. There is no need to respond to an answer. The time to present evidence and substantive arguments regarding claims and defenses will come later in the litigation.

Finally, on December 12, 2013, the plaintiff filed a motion to compel discovery. This motion will be stayed for review by recruited counsel.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to appoint counsel (Docket # 18) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint and respond to defenses affirmative claims (Docket # 19) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 20) will be **STAYED** until counsel is recruited and can decide whether to pursue the motion.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2013.

    BY THE COURT

    *s/Nancy Joseph*
    NANCY JOSEPH
    United States Magistrate Judge